**IN THE UNITIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON**

| | | |
|---|---|---|
| VONDA RAFTER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action 4:011-cv-00691 |
| | § | |
| | § | |
| TEXAS DEPARTMENT | § | |
| OF CRIMINAL JUSTICE, | § | |
| Defendant, | § | |
| | § | |

**PLAINTIFF, VONDA RAFTER'S FRCP RULE 56(d) OBJECTIONS
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE LEE ROSENTHAL:

NOW COMES, Plaintiff, Vonda Rafter, and files her Federal Rules of

Civil Procedure Rule 56(d) Objections to Defendant's Motion for Summary

Judgment and Response in Opposition to Defendant's Motion for Summary

Judgment, and will show the Court the following:

Respectfully submitted,

/s/ Debra V. Jennings

1

By:_____
Debra V. Jennings
Texas Bar No. 10631850
Fed. Id 14373
6140 HWY 6,  # 269
Missouri City, Texas, 77459
Tel. (832) 230-4455
Fax. (832) 230-4452
**ATTORNEY-IN–CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on March 21, 2012, a true and correct copy of Plaintiff, Vonda Rafter's Response to Motion for Summary Judgment was served to J. Lee Haney, Karen Matlock, Greg Abbott and Phillip Marrus by the District Court's Electronic Filing System.

/s/ Debra V. Jennings
_____
Debra V. Jennings

2

## TABLE OF CONTENTS

CERTIFICATE OF SERVICE …………..…………….......2


TABLE OF AUTHORITIES……. ……………………… 3
SUMMARY OF

ARGUMENTS…………………………………..…………9-30

I.  NATURE AND STAGE OF PROCEEDING………………8

II. STATMENT OF GENUINE ISSUES OFMATERIAL FACTS
IN  DISPUTE
………………………………………………….…9-30.

III. SUMMARY JUDGMENT

STANDARD………………………………………………….

IV.ARGUMENTAND AUTHORITIES…………………… 9-30


VI.CONCLUSION…………………………………………..30

# TABLE OF AUTHORITIES

**Cases**

*Alaniz v. Aamora-Quezada.*
591 F. 3d 761( 5th Cir. 2009).

*Anderson v. Liberty Lobby, Inc*,
477 U.S 242, 255-57 (1986).

*Berry v. Board of Supervisors of LSU.*,
715 F. 2d 971 (5th Cir. 1983).

*Burlington Northern & Santa Fe Railway v. White*,
524 U.S. 53 (2006).

*Celotex Corp v. Catrett,*
477 U.S. 317, 322 (1986).

*Faragher v. City of Boca Raton*,
524 U.S. 775 (1998).

*Harris v. Forklift Sys. Inc.,*
510 U.S. 17 (1993).

*Hockman v. Westward Communications*
407 F. 3d 317 (5th Cir. 2004).

*Meritor Sav. Bank, FSB v. Vinson*,
477 U.S. 67 (1986).

*Oncale v. Sundowner Offshore Servs. Inc.,*
523 U.S. 75 (1998).

*Raggs v. Miss. Power & Light Co.,*
278 F. 3d 463 (5th Cir. 2002).

*Reeves v. Sanderson Plumbing Prods., Inc*.

4

530 U.S. 133 (2000).

*Septimus v. Univ. of Houston*
399 F. 3d 601(5TH Cir.2005).

*U.S. Philips Corp. v. Iwasaki Elec. Co.*, 506 F. 3d
1371, 1374 (Fed. Cir. 2007).

*United States v. Diebold, Inc.,*
369 U.S. 654, 655 (1962).

**Statutes**

42 U.S.C § 2000e-5  ( c ) (2010)

*Title VII of the Civil Rights Act of 1964, as amended*

**Other Authorities**

Fed R. Civ.  P. 56
Fed R. Civ.  P. 56 (c)
Fed R. Civ.  P. 56 (d)

I.

## RELIEF REQUESTED

Plaintiff requests this court under Federal Rules of Civil Procedure Rule 56

(d):  (1) to defer considering the Motion for Summary Judgment, allow Plaintiff

time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order. As the Rule provides, "When Facts are **unavailable to** the nonmovant, if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer ruling…allow time to obtain an affidavit or declaration or to take depositions or issue other appropriate order. (Ex. 1 attached). Vonda Rafter's case is appropriate for the court to issue a Rule 56(d) finding in light of the newly discovered material evidence, eight criminal charges, filed against Vonda Rafter and Texas Department of Criminal Justice refusal to disclose the evidence of the eight charges, the grand jury no bill, documents presented by the Office of Inspector General to Brazoria County District **Attorney until after discovery was concluded in this case** .(See Ex. 1). This fact is significant because disclosing the eight criminal cases after discovery concluded, **prevented Plaintiff from conducting any discovery regarding the eight criminal cases. ( Ex. 4).** The Court should deny Defendant's Motion for summary judgment and allow this case to proceed with the addition of the new charge to this Complaint in the interest of judicial economy. Simply put, if the summary judgment is granted, Plaintiff, Vonda Rafter will simply re-file this case based on the April 6, 2012 Charge of discrimination under Title VII, Section 1981 and Texas Labor Code (Ex. 2).

6

II.

**NATURE AND STATE OF PROCEEDING**

Pending before this Court is a Motion for Continuance and to Enlarge Time [1] which was filed on April 16, 2012. Four days later, Defendant filed its Motion for Summary Judgment. The Continuance and to Enlarge Time was filed after Rafter, first became aware during discovery, **of eight criminal charges** that were filed against her, by the Office of Inspector General ("OIG") on behalf of Rafter's employer, Texas Department of Criminal Justice Institutional Division. (Ex. 2, #)

Rafter on April 6, 2012, filed a new Equal Employment Opportunity Charge raising the issue of retaliation was filed with the Equal Employment Opportunity Commission and is being investigated. (Ex. 4)  Rafter requested a continuance from this court while the retaliation charge is being investigated and to allow her time to address the eight criminal charges and retaliation issue in discovery.  Without waiving her Federal Rules of Civil Procedure Rule 56(d) Objection, Plaintiff addresses to the extent possible, the issues raised in the Motion for Summary Judgment.

III.                              .

---

[1] The Motion for Continuance and to Enlarge Time and all exhibits are incorporated herein by reference.

7

## SUMMARY OF ARGUMENT

Summary judgment is not appropriate as the Defendant claims under 42 U.S. C.§1981 and Texas Labor Code are timely. The **four year statute** of limitations applicable to a Section 1981 and **two year** statute of limitations period applies under Texas Labor Code are satisfied in Rafter's case which if the court grant's the Rule 56(d)  Motion is an active charge  for which limitations clearly has not expired and equitable tolling is appropriate.( Ex. 4).

Additionally, the new Retaliation charge of April 6, 2012, which is the basis for Rafter's  a new charge  of discrimination is currently pending before the EEOC.  After 180 days  from April 4, 2012,  Plaintiff will have exhausted her administrative remedies. Furthermore, the prior retaliation charge Rafter exhausted her administrative remedies. Immediately after the exhaustion Rafter timely filed her complaints, after she was disciplined three times within one year.

IV.

## PLAINITFF's  UNDISPUTED FACTS

Vonda Rafter, a dedicated nineteen years and seven month employee was employed by Texas Department of Criminal Justice beginning June 1, 1989, as a correction officer. She worked with male prisoners for nineteen years without ever being disciplined. At all times relevant hereto, Rafter's

8

job performance was good. ( Ex. 1). Rafter was given several merit awards based on her job performance, including March 3, 2008, Kudos Award, Eagle Eye Award on August 30, 2007, Employee of the Month February 28, 2007 Supervisor of the Month Award on June 1999, Texas Corrections Association Star Award  the highest award in 1999 given to a officer in Austin, Texas, Mentor Program Award,  Special Olympics Award 1999.( Ex. 1).

In about 2007, Vonda Rafter complained about Warden Mossbarger to TDCJ's Regional Director, Jackie Edwards. Specifically, Rafter complained that Warden Mossbarger wanted her to give all offenders the maximum punishment for disciplinary offense.  After  Rafter's complaint, Mossbarger began harassing and bullying  Rafter  and subjecting Rafter to a hostile working environment. Warden Mossbarger told Rafter she was too soft on offenders and she wasn't giving them the punishment they deserved. Male captains, Zarate and Gilstrape were not told they were soft on offenders. In March 21, 2007, paint was stored in Administrative Segregation Area by Captain Zarate (Hispanic Male). Rafter was accused of storing the paint and was given a letter of counseling. (Ex. 2) When it was later discovered that Zarate stored the paint he was not disciplined. (Ex. 2)

9

On April 10, 2007, Rafter made a formal complaint against Warden Moya. Rafter complained that Moya accused her of being a "dirty officer" and he was going to have her fired. April 16, 2007, Warden Moya wrote negative entry in Rafter's Employee Performance Log based on storing paint in administrated segregated area an incident that occurred in March 21 and 28, 2007. Captain Zarate was responsible for storing the paint and he was not disciplined. ( Ex. 2)

In  November 17, 2007, a Christmas play was performed by prison offenders supervised by Captain Rafter and Officer Rachel Young and China Davis. Lieutenant Marshall and Sergeant Kenny Smith alleged that Officer Rachel Young danced exotically with the prison offenders and Captain Rafter did nothing to stop her. Major Mangrum and Assistant Warden Moya tried to discipline Captain Rafter for Young's alleged behavior and it was not upheld.

On or  about December 18, 2007, Rafter was served with a discipline for substandard duty performance and misconduct due to the Christmas Play. On December 20, 2007, Rafter filed a grievance against Major Mangrum for sex discrimination. After Rafter's grievance, Defendant instituted a campaign of retaliation. This retaliation was and is due to Plaintiff exercising her right to lodge formal grievances and complaints.

10

Rafter was given a  informal discipline in the form of a letter of counseling. Rafter grievance was not upheld. Rafter requested training from Warden Moya, if  in his opinion, her judgment was improper. The training Rafter requested never took place. ( Ex. 2).

In February of 2008, Rafter  for the first time in her stellar nineteen year career was formally disciplined by Assistant Warden Moya. The reason given for discipline was due to Rafter not communicating with the major about racial tension in the dorm. This statement was false because Rafter did communicate by sending an email notifying Major Mangrum, Assistant Warden Moya, Warden Collins, and Lieutenant Rodriguez of the racial tension.

 TDCJ did not give Rafter a verbal reprimand or a letter of counseling, as is customary under TDCJ's progressive disciplinary policy. Rafter received a formal written discipline and six month's probation for her first formal disciplinary offense; unlike white males such as Major Mangrum who received  lesser charge and punishment for the same offense. ( Ex. 2). No efforts were made by TDCJ to correct the alleged problems by giving Rafter  training. Instead in May 14, 2008, Rafter was disciplined twice the same day. Rafter was instructed by Assistant Director Waldron to report to the police department in Angleton. ( Ex. 2) Where Rafter was interrogated

11

for six hours about the rumors of corruption at the Terrell unit. Rafter was never told that eight criminal charges were filed against her.(Ex. 1).

First she was demoted from a Captain to a Correction Officer Five and given ten months probation for mistreating offenders.( Ex. 2) Three minutes later, on the same day, May 14, 2008, Warden Mossbarger recommended Rafter for discharge. (Ex. 1 and 2). After Rafter was recommended to be discharged she further harassed and retaliated against by being told by Warden Mossbarger to report back to Angleton Police Department.  On or about August 11, 2008, Rafter was advised in writing that officially, her services with TDCJ would no longer be required, effective on  August 11, 2008, because Rafter had  allegedly failed to obey orders, assigning known gang members to janitorial positions and for mistreatment of offenders. When Rafter attended mediation seeking to get her job back, Director Bryan Rodeen threaten Rafter with another discipline for bringing  in food.  Even after Rafter was recommended for dismissal in May 14, 2008, she received another disciplinary action from Major Beard for abusing her authority from TDCJ.  On May 30, 2008, the local newspaper, *The Facts*, front page, article discussed Rafter dismissal based on two administrative violations. Channel Two local, television news station aired  Rafter's dismissal. ( Ex. 3) In fact, TDCJ spokeswoman, Michelle

12

Lyons said on air, that Rafter had violated policy by assigning a confirmed gang member to a janitorial job, which is not allowed and mistreatment of an offender in that she confiscated an offender's property. Lyons indicated that criminal charges were not filed against Rafter. (Ex. 1) Rafter in her family resided in State Housing. Warden Rodeen informed Rafter if she resigned he would let her continue to reside in the State Housing for thirty days, if not she had three days to move her family out.

Defendant's true reason for demoting and discharging Plaintiff was because she was retaliated against for engaging in protective activity when she complained about Warden Mossabarger, Major Mangrum and Assistant Warden Moya conduct toward her as a black, female. Similarly situated non-black male(s) captains and majors who were disciplined for the same or similar offense, failing to obey and order and assigning known gang members to janitorial jobs, were not terminated or demoted by TDCJ. ( Ex. 2)The male captains and majors disciplines were overturned and downgraded to lesser offenses.  (Ex. 2)

At the time Defendant notified Plaintiff of her first disciplinary offense, Defendant had three options: take no action, offer Rafter dispute resolution or training. Defendant's failure to offer Plaintiff dispute resolution, taking no action was based on Plaintiff's sex.

13

Since 1995, after being a correction officer,  Plaintiff has continually been  promoted from Sergeant, Lieutenant and finally to Captain. After she lodged complaints and grievances against Warden Mossbarger, Assistant Warden Moya and  Major Mangrum because of her race and sex; despite the fact, that she was a good employee  and could reasonably expect to retain her job, she was discharged.

## V.

## ARGUMENT AND AUTHORITIES

This Court reviews summary judgments de novo. *Berry v. Armstrong Rubber Co.*, 989 F. 2d 822 (5th Cir. 1003)., cert denied, 114 S.Ct. 1067 (1994). *Bodenheimer v. PPG Industries, Inc*, 5 F. 3d 955 (5th Cir. 1992). Texas Department of Criminal Justice, the party seeking summary judgment must demonstrate its entitlement to judgment as a matter of law and that no genuine issue of material fact exists by showing that there is an absence of evidence to support Rafter, the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553 (1986).  The court should draw all reasonable inferences in favor of Vonda Rafter, the nonmoving party. There is a genuine issue of material fact if "the evidence is such that a reasonable jury could return a verdict for the non-moving party**." Holtzclaw**

14

*v. DSC Communs. Corp*., **255 F. 3d 257 (5th Cir. 2001).** The Court must draw all justifiable inferences in favor of [Rafter], the non-moving party. Id. at 255, S.Ct. 2513.   In *Rachid v. Jack in the Box, Inc*., 376 F. 3d 305 (5th Cir. 2004)  modified the McDonnell Douglas giving an alternative method of establishing a prima facie case  by showing either  Pretext or motivating factor.

**A. Rafter filed her 42 U.S.C, §1981 case before the four year statute of limitations expired.**

The United States Supreme Court in *Jones v. R.R. Donnelly & Sons C.,5341 U. S. 369 (2004).* ruled that the **four-year statute of limitations** enacted by Congress in 1990 applies to claims of racial discrimination and harassment brought under the Civil Rights Act of 1866, commonly known as Section 1981, 42 U.S.C. Section 1981. The Court's May 3, 2004, decision in *Jones* lengthen the limitations period for Section 1981 claims nationwide. This decision resolve the division with the Federal Appellate Courts regarding the statute of limitations. The Fifth Circuit cases Defendant, TDCJ, cites *Byers* and *Gartrell* have been superseded by the Supreme Court's four year statute of limitations holding in *Jones v. R.R. Donnelly & Sons C.,5341 U. S. 369 (2004).* As such, in Rafter case she was discharged officially on  August 11, 2008 and filed suit in state court on December 8, 2010 within the four  years  statute of

limitations, therefore timely. Under Section 1981, there is no requirement that an aggrieved party such as Rafter file a charge with the United States Equal Employment Opportunity Commission before filing suit. *Scarlett v. Seaboard Coat Line R. Co.,* 676 F. 2d 1043, 1050 (5th Cir. Unit B 1982). Plaintiff

**B. Rafter's pending EEOC charge the Statute of Limitations has not been triggered**

On April 6, 2012, Vonda Rafter filed a new EEOC charge which is pending before the EEOC based upon Texas Department of Criminal Justice filing eight criminal charges against Rafter. ( Ex. 4). For which  Rafter was never made aware of until  2012 at the end of discovery in this case.  The April 6, 2012 charge is attached hereto and incorporated in this Response. (Ex. 4 and 2). It is undisputed that the statute of limitations has not expired on the claims raised in the new EEOC charge.(Ex. 2). Plaintiff will undoubtedly, seek leave to amend her complaint to include these newly discovered claims  of eight criminal charges, etc. filed against Vonda Rafter. ( Ex. 20). The statute of limitations has not expired and the allegations raise in the EEOC charge for which a notice of right to sue has not been requested at this juncture and therefore limitations is not expired. ( Ex. 2).

**C.   Rafter's complaint is not time-barred. Amendment is required for the eight new criminal charges filed.**

Amendment is necessary because the eight criminal charges were never brought to the attention of Plaintiff and support Rafter's charge of retaliation.

**D. Rafter's complaint is not time-barred and if the court disagrees equitable tolling by withholding information about the eight criminal charges tolls the statute of limitations**

Equitable tolling is applicable because Defendant first discovered that Texas Department of Criminal Justice filed its eight criminal charges against Rafter in 2012. Under such a doctrine, Rafter Texas Labor Code claims are tolled because of the nondisclosure of the eight criminal charges.

**E. Rafter has a viable claim for punitive damages.**

An employee is entitled to receive punitive damages if she demonstrates that the employer acted: with malice or reckless indifference: towards her "federally protected rights" 42 U.S.C.§ 1981a (b)(1); see also *Abner v. Kanasas City S. R.R. co. 513 F. 3d 154, 160 (5th Cir. 2008).* Defendant engaged in policies and practices which was malicious as evident by the **eight criminal charges filed against Rafter after she filed her grievances.** (See Ex. 4, see also 98-113 of Defendant Exhibits), Demoted Rafter and discharged Rafter "unofficially" on the same date as she was discharged. These practices and policies include, but are not limited to, discharging Rafter's employment and demoting her when

17

other similarly situated male employees, Gilstrap and Zarate were not disciplined for assigning known gang members to janitorial jobs. Major Mangrum was found not guilty of assigning known gang members to positions and after having four discipline he was not discharged. Non-blacks and males were treated more favorably under nearly identical circumstances. The Texas Tort Claims Act does not superseded Rafter's federally protected rights under Title VII which the  Texas Labor Code follows the same rubric of analysis. The immunity raised under the Texas Tort Claims is not relevant to the Texas Labor Code claims which applies Title VII substantive law for interpretation, otherwise Texas unlike any state a Plaintiff could not recover punitive damages in a race discrimination case.

**F. This court has jurisdiction to entertain all of Rafter's claims.**

This case involves continuing actions which included conduct that occurred from November 28, 2007 until May 14, 2008. If the court will allow Plaintiff to amend her complaint after the new Charge of discrimination was  filed in this case, on April 5, 2012,  due to Rafter becoming aware for the first time of the eight criminal charges, the basis for her retaliation charge; the violation and the 180 day argument Defendant alleges becomes  moot.  In any event, Rafter, filed her charge of discrimination within 180days of her discharge on August 11,

18

2012.

Rafter retaliation claim under the EEOC charge is like and related to her race

charge and therefore she exhausted her administrative remedies

H. Rafter can show that TDCJ's legitimate business reasons for terminating her are pretext or false.  Her discrimination and retaliation claims, therefore are viable claims

**1. TDCJ did discriminate on the basis of race or gender when it terminated Rafter**

**2.  TDCJ did retaliate in violation of Texas Labor Coder or Title VII when it terminated Rafter**

The requirements of a prima facie case of discrimination based on race,

gender and retaliation  is undisputed in this case and the y issue on the merits

that is challenged by the Defendant is pretext.

**<u>Proof of Pretext</u>**

As the court is well aware, the fundamental issue in this case is not

whether Vonda Rafter engaged in misconduct. But rather, in this disparate

treatment case, the issue is whether  TDCJID elected not to discipline non-

blacks, or males for the same or similar conduct as Rafter. In other words,

Plaintiff must establish that she was treated less favorably than similarly

situated employees outside her protected class under nearly identical

circumstances. *Perez v.  Dept of Crim. Justic*e, 395 F. 3d 206, 213 (5th Cir.

2004). Rafter can establish she was treated less favorably, based on:

As such, TDCJ's reason for discharging Rafter (policy violation) is a mere pretext for discrimination. In Rafter's case the major examples of sufficient evidence of pretext Rafter points to as disputed material facts under the *Reeves vs. Sanderson Plumbing Products, Inc.,* 530 U.S. 133 (2000) standards are:

- Rafter received one of the highest award in Texas as a Correctional Officer, Star Award ( Ex. 1);
- Disciplined for mistreating a prisoner after being told she was soft on offenders ( Ex. 2);
- Disciplined after she followed the Orders of Warden Collins. (Ex. 2)
- Demoted and discharged "unofficially on the same day within minutes of each. ( Ex. 20
- First Discipline resulted in a suspension and not a verbal warning as is customary
- Letter of Counseling for storing paint and no discipline for white male employee who stored paint. ( See Ex. 2)

A. **Rafter presents evidence that TDCJ is a sexually and racially hostile working environment**

In *Turner v. Baylor Richardson Med. Ct*., 476 F. 3d 337, 347 (5th Cir. 2007), "We determine whether a hostile work environment exists using a totality-of–the-circumstances test that focuses on the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating. . . and whether it unreasonably interferes with an employee's work performance." *Baker v. FedEX Ground Package Sys. Inc.*, 278 F. App's 332, 328 (4th Cir. May 13, 2008). A plaintiff "must subjectively perceive the

harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable." Id. at 328029 (quoting *Frank v. Xerox Cor*p., 347 F. 3d 130, 138 ( 5th Cir. 2003). "When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Title VII is violated." *Harris v. Forklift Sys., Inc*. 510 U.S. 17, 21 (1993). Rafter satisfied all the requirements including subjectively perceiving the harassment as sufficiently severe or pervasive, and this subjective perception is objectively reasonable. ( Ex. 1 and 2). It is undisputed that racist and sexist acts  altered the work conditions of Rafter and created an abusive working environment  in the predominately male oriented position. (Ex. 1 and 2).

1.   **Rafter's sexually and racially Hostile working environment merit analysis** The defense seeks to marginalize the workplace or excuse the conduct. (See Ex. 1 and 2). Rafter gave several specific examples of the racial hostility.  Rafter admits that racial slurs, racist videos and comments were not rampant at TDCJ, but sexist behavior was rampart and some were directed toward her. (Ex. 1, 5 and 2.   Actionable harassment must involve facially discriminatory, intimidation, ridiculed and insults *Harris,* 510 U.S. at 17, 21.   Rafter and her Black female coworkers were subjected to sexist

21

conduct. ( Ex. 5, Rafter Depo. P. 196-197)

- **Demoted from Captain**   The record supports that Vonda Rafter after she complained about her white male superiors to upper management she was   disciplined including demoted.( See Ex. 5, Deposition P. 227-228, 196-197)

- **3. Rafter's Job duties**
  The competent evidence shows that Vonda Rafter did not receive the same training as her non-black counterparts. (See Ex. 2).  This difference in training was because TDCJ intended for Rafter to remain in a lower level position at TDCJ. (Ex. 2) In fact, Rafter took the initiative and requested permission to get  training (Ex. 2).

Simply put, Rafter individual discrimination claim and hostile work environment is supported by the record. (Ex. 1-5). It is undisputed that Rafter satisfied the prima facie evidence requirements of each of her claims of race discrimination, gender discrimination and retaliation. ( Ex. 5, Rafter Depo. 196-197)

**B. Failing to follow TDCJ' own Investigative policy by not investigating Rafter's complaints**

Defense counsel shifts the focus from Rafter's complaints which predated the complaint filed against Rafter, just as TDCJ has done. In doing so, the defense fail to address the ultimate issue in this case, the difference in treatment of females versus males, blacks versus non-blacks under nearly identical circumstances.  Rafter was discharged and demoted for conduct

22

that white males or Hispanic males are not disciplined or minimally disciplined. (Ex. 2).

TDCJ's Code of Conduct requires management to immediately investigate allegations of misconduct. Rafter prior complaints were never investigated until after she was discharged and criminal charges were being filed. (Ex. ).

TDCJ never investigated, acknowledged or reached any conclusion regarding Rafter's complaints of race and gender discrimination the problems of discrimination before discharging Riley; (See Ex. 2, ¶ 3). But, TDCJ seized the opportunity to investigate Vonda Rafter by interviewing and taking witness statements. (Ex. 2). No such witness statements were taken by TDCJ on Rafter's allegations of race and gender discrimination. (Ex. 2). If TDCJ had a legitimate business reason for terminating Rafter's employment it would likewise have good reasons to discharge non-black, Major Mangrum and Assistant Warden Moya for engaging in the same conduct, assigning known gang members to janitorial duties ( Ex. 2)

Rafter was the only employee discharged and was the only employee discharged before giving a statement. (Ex. 2) Rafter was stereotyped as on the one hand, soft with prisoner (offender) and disciplined for mistreating offenders. The decision to terminate Rafter by TDCJ was made before

23

Rafter gave a statement. (Ex. 2).

## C. Failing to follow TDCJ' own disciplinary policy

TDCJ severely disciplined Rafter with her first offense.  Demoted and "unofficially" fired,  Rafter on the same day, filed eight criminal charges, published it on the newspapers and televisions. (Ex.2). Nonblack male employee who were discharged were not subjected to a discharge, newspaper article on the front page, eight criminal charges filed against them.

## Inconsistent discipline between similarly situated employees;

Rafter was more severely  disciplined  like her male counterparts who were either not disciplined at all for the same conduct.( Ex. 2)

## Failing to give a  final warning prior to discharge

Texas Workforce Commission finding that  Rafter did not engage in misconduct is admissible evidence. The Texas statutory scheme in Texas Labor Code § 213.007 which provide:

> A find of fact, conclusion of law, judgment, or final order made under this subtitle is not binding and **may not** be used as evidence in an action or proceeding, other than an action or proceeding brought under this subtitle, even if the action or proceeding is between

the same or related parties or involves the same facts. *Tex Lab Code* § 213.007.

The word "**may not be used as evidence**" in the statutory construction of Section 213.007, gives this court discretion as to whether to admit or exclude the Texas Workforce Commission's finding. Clearly, if the legislative intended that the TWCC's finding be excluded the statutory language in Section 213.007 the language would state "**shall not be used as evidence.**" The Texas Workforce Commission's findings are admissible evidence.

As the court is aware, many Discrimination cases turn on the issue of pretext. It is not likely that an employer will document a personnel file, "Fired because of race or gender." Therefore most discrimination cases are proven by circumstantial evidence. The leading case explaining what showing must be made by the plaintiff to prove pretext is *Reeves v. Sanderson Plumbing Products*, *Inc.,* 530 U.S. 133 (2000). Vonda Rafter a 19 year employee of TDCJ, presents competent evidence, not speculation which Rafter states in the attached an incorporated herein declaration, "**The workplace was racially and sexually hostile**.

25

Rafter created a genuine issue of material fact as to her [2]disparate treatment sex and race discriminatory  discharge claim because she provided the Court evidence that TDCJ treated, a black female employee, differently than similarly situated employees under nearly identical circumstances: Vonda Rafter's deposition and the attached declarations of  Rafter, Awards of Rafter supports a finding of pretext.  Non-black employees like Rafter were not discharged when  they were assigning known gang members to janitorial jobs insubordinate. (See Rafter Deposition).

Rafter can, furthermore, establish evidence of black employee claiming that they, too, were victims of discrimination ("**me too evidence**"), under *Sprint/ United Management Co. v. Mendelsohn.,* 128 S.Ct. 1140, 1147 (2008).

## CONCLUSION

Based on the above stated reasons, Plaintiff request this court to defer considering the Motion for Summary Judgment or deny it in its entirely, allow time to obtain affidavits or declaration or to take discovery as it relates to the issue in her Motion for Continuance and to Enlarge time or issue any other appropriate  order this court deems appropriate. Plaintiff respectfully requests that this Court to deny Texas Department of Criminal Justice's

---

[2]  The declaration of Vonda Riley, attached and incorporated by reference in this response.

Motion for Summary Judgment in its entirety.

Respectfully submitted,

/s/ Debra V. Jennings

Debra V. Jennings, P.L.L.C.
Fed. ID. 14373
SBN: 10631850
6140 HWY 6, # 269
Missouri City, Texas 77459
Phone: 832-230-4455
Fax: 832-230-4452

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by the electronic filing of CM/ECF participants identified below on this the 11<u>th</u> Day of May , 2012.


<u>/s/ Debra V. Jennings</u>

*Greg Abbott*
*Vonda Mattax*
*J. Lee Haney, Attorney in charge*
*Karen Matlock*
*Phillip Marrus*

28

# *APPENDIX*

1. **Awards of Vonda Rafter** –Star Award 1996,  May 1, 2006 commendation from Captain J. Zarate, May 2, 2006, commendation from Emmanuel Boateng, May 3, 2006, Commendation from Anthony J. Collins, Recommendation May 2, 2006,  Mentor Program Ramsey III Award, Eagle Eye Award Aug. 30, 2007, Kudos Award, April 29, 2004, Star Award, Texas Corrections Association, Star Awards commendation March 8, 1996,   Ten Years Service Award, Five Year Service Award, employee of the Month Feb 28, 2007, Certificate of appreciation for dedicated professional Service in Margie Green,  Supervisor of the Month, June 1999

2. **Declaration of Vonda Rafter**

3. *Fact's* **News paper (Brazoria County, Texas)**

4. **April 6, 2012, EEOC Charge**

5. **Oral and Videotape Deposition of Vonda Rafter, February 17, 2012**

6. **Texas Workforce Commission's Findings**