IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VONDA RAFTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0691 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This is an employment-discrimination case. The plaintiff, Vonda Rafter, sued her former employer, the Texas Department of Criminal Justice ("TDCJ"), alleging race discrimination, sex discrimination, and retaliation in violation of 42 U.S.C. § 1981 and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001 *et seq.* ("TCHRA"), as well as intentional infliction of emotional distress. (Docket Entry No. 1). Rafter filed suit in Texas state court on December 8, 2010, and TDCJ timely removed on the basis of federal-question jurisdiction. (Docket Entry No. 1).

The following motions are pending:

1. Rafter has moved for leave to file an amended complaint. (Docket Entry No. 30). TDCJ has responded. (Docket Entry No. 35).

2. Rafter has moved for a continuance to extend all deadlines by over six months to allow her "to address the eight criminal charges" filed by TDCJ against her "and [the] retaliation that arises from the criminal charges." (Docket Entry No. 38, at 2). TDCJ has responded. (Docket Entry No. 41).

3. TDCJ has moved for summary judgment on all Rafter's claims. (Docket Entry No. 40). Rafter has responded, and TDCJ has replied. (Docket Entry Nos. 42, 46). TDCJ also has objected to the affidavit Rafter attached to her summary-judgment

>           response. (Docket Entry No. 47).¹ Rafter has responded, and TDCJ has replied. (Docket Entry Nos. 49, 50).
>
> 4.      Rafter has moved for leave to file a summary-judgment response that exceeds the page limits. (Docket Entry No. 43). TDCJ has responded. (Docket Entry No. 45).

Based on a careful review of the pleadings, the motions and related filings, the record, and the applicable law, this court: (1) grants Rafter's motion for leave to file a second amended complaint, (Docket Entry No. 30); (2) grants Rafter's motion for leave to file a response that exceeds the page limit, (Docket Entry No. 43); (3) grants TDCJ's motion for summary judgment, (Docket Entry No. 40); and (4) denies Rafter's motion for a continuance, (Docket Entry No. 38). Final judgment is entered by separate order.

The reasons for these rulings are explained below.

## I.     Background

TDCJ hired Rafter in June 1989 as a corrections officer. (Docket Entry No. 40-4, at 19; Docket Entry No. 42, at 8). In June 2006, TDCJ promoted Rafter to the rank of captain. (Docket Entry No. 40, at 9). Her responsibilities included supervising inmates. (Docket Entry No. 42, at 10). TDCJ terminated Rafter's employment on August 11, 2008. (Docket Entry No. 40-4, at 24).

The events leading up to the decision to fire Rafter, unless otherwise noted, occurred in 2008. Before Rafter was fired, Warden Joe Moya disciplined her three times and kept a written record of the disciplinary action in her file. On January 20, Moya placed Rafter on probation for six months for failing to inform the duty warden about racial tension in the prison unit. (Docket Entry No. 40-3, at 3, 20). On April 24, Moya demoted Rafter for interrogating an inmate in the presence of another inmate and for ordering an inmate's property confiscated in retaliation for an offensive remark. (*Id*.,

---

¹ This affidavit, though attached to Rafter's response to the summary-judgment motion, was filed in support of Rafter's motion for a continuance under Rule 56(d).

at 4, 22). On May 10, Moya relieved Rafter of duty for assigning gang members to janitorial positions. (*Id.*, at 5; Docket Entry No. 40-4, at 21). Each of Rafter's actions that resulted in discipline violated TDCJ policies, orders from supervisors, or both. (Docket Entry No. 40-3, at 3–5; Docket Entry No. 40-4, at 20–21).

Rafter contested each disciplinary action through internal grievances. On March 7, she filed a grievance alleging that the January 20 action was inconsistent with TDCJ policy and practice. (Docket Entry No. 40-3, at 20; Docket Entry No. 40-4, at 22). On April 28 and May 12, she filed grievances alleging that the April 24 action resulted from race and sex discrimination. (Docket Entry No. 40-4, at 23). On May 14, she filed two grievances. The first grievance alleged that the demotion she received on April 24 was inconsistent with TDCJ policy and practice. The second grievance alleged sex discrimination, though it is unclear from the record which disciplinary action the grievance relates to. (*Id.*). Rafter also filed a grievance alleging that TDCJ retaliated against her for filing her previous grievances. The date of this grievance also is unclear. (*Id.*, at 16–17; Docket Entry No. 44-1, at 1).

On May 13, the TDCJ Office of the Inspector General informed Rafter that she was being investigated for potential criminal charges. (Docket Entry No. 40-3, at 24). Rafter signed a document stating "You are a SUSPECT in a CRIMINAL CASE." (*Id.*). She read and signed to indicate that she understood the *Miranda* rights set out in the document. (*Id.*). On June 18, Rafter provided a "criminal case voluntary statement" to the TDCJ Office of Inspector General as part of its investigation. (*Id.*, at 38). In her affidavit attached to the motion for summary judgment, however, Rafter claimed that she recently learned that, in 2008: (1) the Inspector General had filed eight criminal charges against her in Brazoria County; (2) the grand jury had declined to pursue the

3

charges; and (3) the charges were dismissed. (Docket Entry No. 44, Ex. 2, ¶ 2). According to Rafter, she did not learn about these facts until February 22, 2012 through discovery provided to her attorney. (*Id.*, ¶ 3).

On May 14, 2008, Senior Warden James Mossbarger recommended that Rafter be dismissed. (Docket Entry No. 40-3, at 6). On May 22, Rafter filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging that she was "subjected to discrimination because of [her] sex . . . and . . . race." (Docket Entry 40-1, at 4). The charge did not allege retaliation or refer to any of the grievances she had filed with TDCJ. (*Id.*).

Rafter contested her dismissal through TDCJ's mediation program. The mediation took place on June 18. TDCJ refused to reverse Rafter's dismissal. (Docket Entry No. 40-4, at 24). On August 11, the director of TDCJ's Correctional Institutions Division finalized her dismissal. (Docket Entry No. 40-3, at 6). On August 19, Rafter filed a grievance seeking reversal of the dismissal and reinstatement. (Docket Entry No. 40-4, at 24). That grievance was denied on October 29. (*Id.*).

On June 30, 2009, the EEOC issued its right-to-sue letter. (Docket Entry No. 40-1, at 3). Rafter filed this lawsuit in Texas state court on December 8, 2010. (Docket Entry No. 1-1, at 7). TDCJ removed the action to this court on February 28, 2011. (Docket Entry No. 1, at 1). On April 6, 2012, Rafter filed a new EEOC charge alleging retaliation "for internal complaints at TDCJID of discrimination based on my gender [and] race." (Docket Entry No. 44-1, at 1).

## II.    The Motion for Leave to Amend

Rafter has filed a motion for leave to file an amended complaint. (Docket Entry No. 31). The proposed amended complaint does not add any new causes of action. Like the original

complaint, the proposed amended complaint asserts claims for race and sex discrimination, in violation of § 1981 and the TCHRA, as well as a claim for retaliation, in violation of § 1981 and the TCHRA.  Unlike the original complaint, the proposed amended complaint does not include a state-law claim for intentional infliction of emotional distress.  The proposed amended complaint clarifies Rafter's allegations of discrimination and retaliation.  TDCJ opposes the motion as untimely under the court's scheduling order.  (Docket Entry No. 35, ¶ 1).

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  "[T]he language of this rule evinces a bias in favor of granting leave to amend."  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted).  Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal quotation marks omitted).  Additionally, "[u]nder FED. R. CIV. P. 16(b)(4), a party seeking to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension.  The four factors relevant to good cause are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice." *E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012) (internal quotation marks omitted).

In this case, allowing the amended complaint narrows the claims and clarifies the theories on which those claims rest.  Because the proposed amended complaint does not add a cause of action or new facts, and instead abandons a cause of action, TDCJ will not be prejudiced by granting leave

to amend. For the same reasons, TDCJ's motion for summary judgment and the arguments made in that motion are unaffected.[2]

Rafter's motion for leave to file an amended complaint is granted.

## III.     The Motion for Summary Judgment

### A.     The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial

---

[2] Rafter's arguments opposing summary judgment are directed to the clarified theories of liability she alleges in the proposed amended complaint. (*See generally* Docket Entry No. 42). For example, the header to one of Rafter's arguments is that "TDCJ did retaliate in violation of Texas Labor Coder [sic] or Title VII when it terminated Rafter[.]" (*Id.*, at 19). That retaliatory action—firing Rafter—is specifically alleged in the amended complaint. The retaliatory action alleged in the original complaint, however, is "engaging the news media to cover a false claim of Captain Rafter engaging in sexual misconduct with inmates." (Docket Entry No. 1, Ex. 1, ¶ 14). Rafter's response to the summary-judgment motion treats the proposed amended complaint as the operative complaint.

burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

Nevertheless, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### B.  The Statutes of Limitations

TDCJ's first argument in support of summary judgment is that Rafter's claims are barred by the applicable statutes of limitations. "Federal civil rights actions brought under 42 U.S.C. § 1981, which lacks an express statute of limitations, are governed by the most closely analogous limitations period provided under state law." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003). "Where a section 1981 claim is brought in Texas, the two-year statute of limitations for personal injury

actions in Texas controls." *Id.* "Although, under §§ 1981 and 1982, state law governs the substantive limitations period, federal law determines when the period accrues." *In re Monumental Life Ins. Co.*, 365 F.3d 408, 420 (5th Cir. 2004). As the en banc Fifth Circuit recently stated:

> Absent unusual circumstances not present in this case, the rule is that accrual occurs when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. In other words, accrual occurs the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.

*Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011) (en banc) (internal quotation marks and footnotes omitted); *see also Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004) ("Under Texas law, one must file a discrimination claim under section 1981 within two years of the adverse employment action."). Courts are to focus "on the time of that prior discriminatory act" giving rise to the claim, "'not upon the time at which the *consequences* of [that act] became most painful.'" *Jones*, 339 F.3d at 258 (quoting *Del. State College v. Ricks*, 449 U.S. 250, 258 (1980)). When the plaintiff's § 1981 claim relates to an allegedly discriminatory discharge, "the statute of limitations commences to run on discharge, the employee's claims mature at that time, and the violation is not a continuing one." *Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985) (per curiam). "Filing a charge with the EEOC does not toll the limitations period for a related claim under section 1981 or 1983." *Jones v. City of Bryan*, Civ. A. No. 07-3874, 2008 WL 2557469, at *4 (S.D. Tex. June 23, 2008) (citing *Taylor*, 775 F.2d at 618–19).

Claims brought under the TCHRA, unlike § 1981 claims,[3] have an administrative-exhaustion requirement. *See* TEX. LAB. CODE § 21.202. The limitations period for a TCHRA claim is based

---

[3] *See Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005); *Liddell v. Northrop Grunman Shipbuilding, Inc.*, 836 F. Supp. 2d 443, 452 (S.D. Miss. 2011).

on the filing of the administrative complaint. A claim "may not be brought . . . later than the second anniversary of the date the complaint relating to the action is filed" with the appropriate administrative agency. *Id.* § 21.256; *see also In re United Services Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010). The administrative "complaint must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE § 21.202(a). The administrative agency "shall dismiss an untimely complaint." *Id.* § 21.202(b). A lawsuit arising from the allegations in the administrative complaint must be filed "[w]ithin 60 days after the date a notice of the right to file a civil action is received." *Id.* § 21.254.

The undisputed facts in the record make it clear that, as a matter of law, Rafter's discrimination claims under § 1981 and the TCHRA are barred by limitations. On May 14, 2008, Rafter knew that she had been recommended for termination. Eight days later, she filed her EEOC charge, alleging that she was "subjected to discrimination because of [her] sex . . . and . . . race." (Docket Entry No. 40-1, at 4). This charge clearly demonstrates that, as of May 22, 2008,[4] Rafter knew the facts that gave rise to her claim and believed that she had suffered race and sex discrimination. *See Jones*, 339 F.3d at 364. Her discrimination claims under § 1981 accrued no later than May 22, 2008, the date she filed her EEOC charge. Her claim under the TCHRA also accrued on that date. *See* TEX. LAB. CODE § 21.256. Rafter did not file suit until December 8, 2010, over six months after the limitations period had expired under both statutes.

Rafter's retaliation claims under § 1981 and the TCHRA are also barred by limitations. She alleges in the amended complaint that TDCJ's decisions to discipline and ultimately fire her were

---

[4] Rafter's § 1981 discrimination claim arguably accrued on April 28, 2008, when she first complained to TDCJ that its disciplinary actions resulted from race and sex discrimination. On that date, she knew she had suffered an injury giving rise to a § 1981 discrimination claim, *see Frame*, 657 F.3d at 238; *Jones*, 339 F.3d at 258 (quoting *Ricks*, 449 U.S. at 258). Even if the § 1981 claim did not accrue until the decision to fire her was final—August 11, 2008—her claim remains untimely. *See Taylor*, 775 F.2d at 618.

9

in retaliation for the grievances she had filed alleging race and sex discrimination by her TDCJ supervisory officers. (*See* Docket Entry No. 31, ¶¶ 6, 10). Her § 1981 retaliation claim accrued no later than May 22, 2008, when she filed the EEOC charge alleging that she was being fired as a result of race and sex discrimination. At that time, she had sufficient information to allege in her EEOC complaint that TDCJ had fired her in retaliation for filing grievances asserting race and sex discrimination. *See Frame*, 657 F.3d at 238. Rafter's April 6, 2012 EEOC charge alleges that she "filed internal complaints at TDCJID of discrimination based on my gender, race *and retaliation, from 2006 to 2008*[.]" (Docket Entry No. 44-1, at 1 (emphasis added); *see also* Docket Entry No. 40-4, at 16–17). This reinforces the conclusion that she had sufficient information to file a retaliation claim against TDCJ on May 22, 2008. Her § 1981 retaliation claim, filed over two-and-a-half years later, is untimely.

Claims brought under the TCHRA require administrative exhaustion. One component of the exhaustion requirement is that the lawsuit's allegations fall within the scope of the administrative charge. *See Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006).[5] District courts are to "construe[] an EEOC complaint broadly but in terms of the administrative EEOC investigation that can reasonably be expected to grow out of the charge of discrimination." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (internal quotation marks omitted). In doing so, a court is not confined to the charge's four corners; a subsequent lawsuit "may include allegations like or related to allegations contained in the EEOC charge and growing out of such allegations during the pendency of the case before the Commission." *Id.* (internal quotation marks and alterations omitted). In her May 22, 2008 EEOC charge, Rafter alleged that she was "unfairly disciplined,

---

[5] The same legal standards apply to claims under the TCHRA and Title VII. *Muniz v. Columbia Sussex Corp.*, No. 11-50392, 2012 WL 1674244, at *1 n.1 (5th Cir. May 14, 2012) (per curiam) (citing cases); *accord In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010).

demoted and subsequently discharged" on account of her race and sex.  (Docket Entry No. 40-1, at 4).  She did not check the box on the EEOC charge form to indicate that she asserted retaliation or include any allegations related to retaliation for grievances she had filed.  The EEOC charge makes no mention of any grievance that she filed with TDCJ.  A retaliation claim based on those grievances could not "reasonably be expected to grow out of the charge of discrimination." *McClain*, 519 F.3d at 273. Even assuming, however, that Rafter's May 22, 2008 EEOC charge does include a retaliation claim, her lawsuit asserting a TCHRA cause of action for retaliation is still untimely.  She filed the suit well over two years after filing her EEOC charge.  *See* TEX. LAB. CODE § 21.256.

Additionally, both the retaliation claim and the discrimination claim under the TCHRA are time-barred for another reason.  Rafter failed to file suit within 60 days after receiving notice from the EEOC of her right to sue.  *See id.* § 21.254.  The EEOC issued its right-to-sue letter on June 30, 2009.  (Docket Entry No. 40-1, at 3).  Rafter did not file suit until December 8, 2010, more than a year after the deadline passed.  (Docket Entry No. 1, ¶ 2).

In sum, all of Rafter's claims are barred by limitations or by failure to exhaust.

### C. The Motion for a Continuance

Rafter has moved for a continuance of all deadlines by over six months to allow her "to address the eight criminal charges" filed against her "and [the] retaliation [claim] that arises from the criminal charges."  (Docket Entry No. 38, at 2).  Rafter has suggested that, if allowed the continuance, she will fulfill the exhaustion requirement with respect to her April 6, 2012 EEOC charge alleging that TDCJ filed these criminal charges against her in retaliation for the grievances she had filed back in 2008.  (*Id.*, at 6; *see also* Docket Entry No. 38-1, at 4; Docket Entry No. 44-1, at 1).

Rafter lacks good cause for a continuance. The record evidence conclusively shows that Rafter knew that she was being investigated by the TDCJ Office of the Inspector General for criminal activity as early as May 2008. That was when the Inspector General informed Rafter, in writing, that she was being investigated for potential criminal charges. (Docket Entry No. 40-3, at 24). Rafter signed a document stating "You are a SUSPECT in a CRIMINAL CASE." (*Id.*). She read and signed her understanding of her *Miranda* rights. (*Id.*). A month later, in June 2008, Rafter provided a "criminal case voluntary statement" to the Inspector General as part of its investigation. (*Id.*, at 38). In her affidavit, Rafter asserts that she did not know until February 2012 that the TDCJ in fact had filed criminal charges against her in Brazoria County in 2008, that the grand jury had declined to pursue those charges, and that those charges were dismissed. (Docket Entry No. 44, Ex. 2, ¶ 2). She asserts that she did not learn this information until it was revealed through discovery in this case. (*Id.*, ¶ 3). That affidavit, and Rafter's claimed lack of knowledge, is not a sufficient basis for a continuance because the actual filing of those charges is irrelevant to when her retaliation claim accrued. The record conclusively shows that Rafter knew in 2008 that TDCJ was investigating her for possible criminal charges. She believed in 2008 that there was no legitimate basis for the investigation. She knew in 2008 that TDCJ had disciplined, demoted, and then fired her. She had enough information in 2008 to file an EEOC charge alleging that she had been the victim of discrimination based on race and sex. She believed in 2008 that she was the victim of retaliation based on grievances she had filed. Rafter had enough information in 2008 to be able to file an EEOC charge alleging that TDCJ's investigation of her for criminal charges was a pretext for discrimination or retaliation.

Generally, under both federal and Texas law, a cause of action accrues when a plaintiff suffers an injury; the plaintiff cannot wait until she knows the full extent or the consequences of the

12

injury before filing. *See, e.g.*, *Ricks*, 449 U.S. at 258 ("The proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts become most painful." (internal quotation marks omitted)); *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 n.7 (5th Cir. 2010) ("A general cause of action accrues when the plaintiff becomes aware that he has suffered *an injury* or has sufficient information to know that he has been injured."); *Business Staffing, Inc. v. Jackson Hot Oil Service*, — S.W.3d —, 2012 WL 2627533, at *5 (Tex. App.—El Paso 2012, no pet. h.) ("In Texas, a plaintiff's cause of action accrues, and the applicable limitations period starts to run, 'when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred.'" (quoting *S.V. v. R.V.*, 993 S.W.2d 1, 4 (Tex. 1996))). That Rafter did not know until recently that criminal charges had been filed and dismissed with no contemporaneous notice to her is irrelevant to determining that, as a matter of law, her discrimination and retaliation claims based on TDCJ's referring those charges to the District Attorney are barred by limitations. The record is clear that she knew in May 2008 that TDCJ was investigating her for criminal activity, which could lead to the filing of criminal charges, and that in her view this investigation was a pretext for discrimination or retaliation.

In her response to the motion for summary judgment, Rafter suggests that equitable tolling would lift the limitations bar. (Docket Entry No. 42, at 17). Equitable tolling "is a narrow exception" to "be applied sparingly." *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) (internal quotation marks omitted); *accord Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (per curiam) (citing Texas law). "Equitable tolling 'applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some other extraordinary way from asserting his rights.'" *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 357 (5th Cir. 2011) (per curiam) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.

1996)). Whether under federal or Texas law, equitable tolling is inappropriate where the plaintiff has failed to exercise diligence in preserving his or her legal rights. *See, e.g.*, *Credit Suisse Securities (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1419 (2012); *Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 836 (Tex. App.—Austin 2003, pet. denied); *see also In re United Services Auto. Ass'n*, 307 S.W.3d at 311 (approvingly citing a Seventh Circuit case holding that equitable tolling may be appropriate "when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time"). In May 2008, Rafter had the information she needed to file a retaliation claim based on TDCJ's disciplinary actions against her and its allegedly false investigation into possible criminal charges against her as a pretext for those actions.[6] She knew of the actions and the investigation in May 2008, when she filed her EEOC complaint. Rafter has not shown a basis to apply equitable tolling.

Although Rafter has not formally moved to amend her complaint to assert a retaliation claim on the basis of the actual filing and dismissal of the criminal charges, such an amendment would be futile. This retaliation claim, like the one previously asserted, would be barred by limitations. Granting the motion for a continuance, and deferring ruling on the motion for summary judgment under Rule 56(d) to allow Rafter to carry out the requested discovery, is unwarranted. The motion to extend the deadlines, and to defer ruling on the motion for summary judgment, is denied. TDCJ is entitled to summary judgment on Rafter's § 1981 and TCHRA claims alleging discrimination and retaliation.

## IV.     Conclusion

---

[6] Rafter has asserted equitable tolling only as to this specific retaliation claim; she did not do so for the discrimination and other retaliation claims that are also barred by limitations. There would be no basis to apply equitable tolling to any of her barred claims.

14

For the reasons set out in detail in this memorandum and opinion: (1) Rafter's motion for leave to file a second amended complaint, (Docket Entry No. 30), is granted; (2) Rafter's motion for leave to file a response that exceeds the page limits, (Docket Entry No. 43), is granted; (3) TDCJ's motion for summary judgment, (Docket Entry No. 40), is granted; and (4) Rafter's motion for a continuance to extend the deadlines in this case, (Docket Entry No. 38), is denied.

Final judgment is entered by separate order.

SIGNED on August 13, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge